WILLIAM L. MILLER v. MARGARET FORMAN.

If a landlord remove his tenant during the term, by entering and holding possession, because the house is used as a place of prostitution, and kept in a disorderly manner, he cannot plead nor prove these facts *in justification* of his trespass in an action brought against him by the tenant.

On *certiorari* to Morris County Court of Common Pleas.

The defendant in *certiorari* was the tenant of two rooms on the second floor of a tenement house of the plaintiff, at Morristown. She was a widow, with two children ; and a woman named Gilmore, lived with her. Other tenants of the plaintiff, in this and the adjoining houses, made complaint to him of the disorderly conduct of persons in these rooms rented to the defendant, Forman. She was warned by the plaintiff

that she must leave, unless the disorder ceased. Women in a state of intoxication visited, habitually, the rooms occupied by Forman, and noises of loud talking, laughing and singing, came from the place late at night, by which persons in the adjoining houses were disturbed. Men often came to the door late at night, demanding admittance in a boisterous manner, and, being admitted, remained until after midnight. There was more direct evidence of prostitution in the house; also that the rooms were in a filthy condition. The defendant, Forman, was arrested for her disorderly conduct, and while she was in custody, the plaintiff, Miller, entered with a constable, and removed her furniture from the rooms, and kept possession.

An action of trespass was brought by Forman, the tenant, against Miller, the landlord, before a justice of the peace, who gave judgment against him, from which an appeal was taken to the Morris County Court of Common Pleas.

On the trial of the appeal, Miller, the landlord, offered to prove the above facts, *in justification* of the alleged trespass in removing the goods and taking possession. The court refused to receive the evidence in justification, but admitted it in mitigation of damages, holding that the facts stated were not a justification in law, and gave judgment for $5 damages.

Exception was taken to the ruling of the court below, and this *certiorari* brought.

Argued at November Term, 1873, before Justices BEDLE, DALRIMPLE and SCUDDER.

For the plaintiff in *certiorari*, *Mills*.

The opinion of the court was delivered by

SCUDDER, J. The position taken by the counsel for the plaintiff in *certiorari* is, that the facts which he offered to prove below, made the rooms occupied by the defendant a nuisance, and that Miller, her landlord, was justified by law in entering and removing her peaceably from the rented premises.

Miller v. Forman. ·

As there are no formal pleas in a case like this, in the court for the trial of small causes, the action is before us as if the substance of these facts had been pleaded in justification of the trespass in a higher court, and a demurrer were filed thereto. Stating the question as succinctly as possible, it is this : Is a landlord justified in removing an unwilling tenant before the term is ended, because the house rented is used as a place of prostitution, and kept in a disorderly manner ?

Many cases were cited upon the argument to show the right of an individual to abate a nuisance by which his person or property is injuriously affected. The law on this point is briefly stated by Chief Justice Shaw, in *Brown* v. *Perkins and Wife*, 12 *Gray* 101, thus : " The true theory of abatement of nuisance is, that an individual citizen may abate a private nuisance injurious to him, when he could also bring an action ; and, also, when a common nuisance obstructs his individual right, he may remove it, to enable him to enjoy that right, and he cannot be called in question for so doing."

Admitting the facts to be true, as stated in this case, do they constitute a private nuisance, injurious to this plaintiff, for which he could bring an action against this defendant during the term for which these premises were rented ; or do they create a public nuisance, obstructing his individual right, which he can remove while his tenant is lawfully in possession of the premises.

The attempt to classify these facts under the head of nuisances, which may be abated, has led to the error in the plaintiff's argument. It would not be contended that the house, or the rooms occupied by the defendant, Forman, could be torn down or destroyed as a nuisance, nor that the party occupying the premises by right, could be forcibly removed, without due process of law ; nor that the entry of the landlord, or any other person aggrieved, in the absence of Forman, and holding possession, and keeping her out, would be called in law an abatement of a nuisance.

The persons guilty of lewdness or disorderly conduct upon the premises, could be arrested, and the person keeping the

house would be answerable, criminally, for the character of the house; but the right of removal of the tenant, by an entry and dispossession, depends upon the principles of law and another classification than the right to abate nuisances, private or common.

The question is, whether the conduct of the tenant, Forman, avoids her lease, so that the term is forfeited and her landlord may re-enter. There is no written lease, so far as appears, between these parties, and therefore no express covenants for re-entry or forfeiture; nor is there any implied covenant in law, that if a house be kept in a noisy or disorderly manner, or as a house of prostitution, that the landlord may re-enter and forfeit the term.

In *Feret* v. *Hill*, 15 *C. B.* 207, the tenant procured from the landlord a lease of the premises by means of a false representation, that he intended to carry on a lawful trade therein. Having obtained possession he converted them into a common brothel, whereupon the landlord forcibly expelled him. It was held that the tenant might maintain ejectment, the fraudulent misrepresentations and *the subsequent illegal use of the premises not being sufficient to avoid the lease.* The court had difficulty in determining that the fraudulent misrepresentations used to obtain the premises, did not avoid the agreement; but there is no intimation in the case that if the tenant had been silent, and after he was in possession, used the premises for illegal purposes, there would be a forfeiture of the term.

Williams, Justice, *in arguendo*, said: " The estate passed by the agreement; I do not see how it got back." If it did pass by a valid agreement it would be difficult to say by what principle of law it was lost. There is no question under the facts in the present case, that there was a lawful agreement for the renting of these rooms occupied by the defendant, nor can it be doubted that the lease did not become void by the subsequent misconduct of the tenant in using them for unlawful purposes. It was not in the contract that they should be

forfeited for such misconduct, and neither the landlord nor the court can interpolate such penalty and give it effect.

While it has been held that a lease of premises for the purpose of prostitution, or for other immoral purposes, is absolutely void, yet if the agreement was originally honest and the premises were subsequently appropriated to vicious uses, without the landlord's assent, the lease would not be avoided, according to the common law. A statute has been passed in New York, by which, upon conviction of keeping a bawdy house, the lease or agreement for letting may become void, and the landlord may re-enter; but we have no such statute, and the case stands with us upon the common law. See *Taylor's Landlord and Tenant,* § 521, and cases in notes.

It seemed to be supposed also, upon the argument, that there might be an entry for waste of the demised premises; but the proceedings were evidently not taken in favor of the remedy for waste, nor do the facts stated amount to waste, which must work a permanent injury to the inheritance. *Moore* ads. *Townsend,* 4 *Vroom* 284; *People* v. *Alberty,* 11 *Wend.* 162.

The facts which were offered to be proven in this case, would therefore not justify the trespass of the landlord in entering upon the rented premises and removing the defendant, Forman's, goods, and were properly excluded by the court below for that purpose.

These facts were, however, received by the court in mitigation of damages, without objection, and no doubt justice was done by a judgment for the small sum of $5, amounting to little more than nominal damages. There were other reasons assigned for reversal, founded on alleged informalities in the proceedings below. These were not brought to the attention of the court, nor argued in the brief of the counsel; they must therefore be considered as waived and will not be decided.

The judgment of the Court of Common Pleas is affirmed.